**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VERONICA MACK, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No. 16-cv-09005 |
| v. | ) | |
| | ) | |
| AMERICAN CORADIUS | ) | |
| INTERNATIONAL, LLC, | ) | |
| | ) | |
| DEFENDANT. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Veronica Mack, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and alleges:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.  Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3.  Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

4.  Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with attempt to collect an alleged debt from Plaintiff. *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is

invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

5.    Plaintiff, Veronica Mack ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted personal credit account.  Plaintiff is thus a consumer as that term is defined at 15 U.S.C. § 1692a(3) of the FDCPA.

6.    Defendant, American Coradius International, LLC ("ACI"), is a Delaware limited liability company with its principal place of business at 2420 Sweet Home Road, Suite 150, Amherst, New York 14228. It is authorized to do business in Illinois. Its registered agent is Illinois Corporation Service, located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703. (Exhibit A, Record from Illinois Secretary of State).

7.    ACI is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8.    ACI holds a collection agency license from the State of Illinois. (Exhibit B, Record from Illinois Department of Financial & Professional Regulation).

9.    ACI regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

10.    Plaintiff incurred an alleged debt for goods and services used for personal family or household purposes, originally for a personal credit account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

11. Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

12. On or about January 28, 2016, Defendant sent a collection letter ("Letter") to Plaintiff regarding the alleged debt. (Exhibit C, Collection Letter).

13. The Letter communicated various credit information, including an account number, and an account balance.

14. The Letter was thus a "communication" as that term is defined at 1692a(2) of the FDCPA.

15. The Letter was the initial communication to Plaintiff.

16. The Letter lists "Original Creditor" as "CIT BANK".

17. The Letter lists "Creditor" as "COMENITY CAPITAL BANK".

18. The letter states that it is being sent regarding a "PAYPAL" account.

19. The Letter is from AMERICAN CORADIUS INTERNATIONAL LLC, and states that a debt has been placed with "our office" for collection.

20. The Letter does not identify which company, of the four companies listed in the letter, is the current creditor to whom the debt is owed.

21. A simple statement that one of the companies was the "current creditor," or that the debt was owed to such party, would have sufficed to identify effectively the name of the creditor to whom the debt was then owed.

22. Plaintiff was confused, and an unsophisticated consumer would be confused, as to whom the debt was allegedly owed.

23. 15 U.S.C. § 1692g of the FDCPA provides as follows:

**(a) Notice of debt; contents**

> **Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**
>
> **. . . (2) the name of the creditor to whom the debt is owed. . . .**

24.     Defendant has failed to effectively state the name of the creditor to whom the debt is owed, in violation of 15 U.S.C. § 1692g(a)(2). *See Braatz v. Leading Edge Recovery Solutions, LLC, et al.,* 2011 U.S. Dist. LEXIS 123118 (N.D. Ill. 2011); *Walls v. United Collection Bureau, Inc., et al.,* 2012 U.S. Dist. LEXIS 68079 (N.D. Ill. 2012).

25.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

26.     Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

27.     Defendant has failed to effectively state the name of the creditor to whom the debt is owed, in violation of 15 U.S.C. § 1692g(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant as follows:

A.     Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

B.     Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

C.     Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha C. Chatman
One of Plaintiff's Attorneys

Celetha Chatman
Michael Wood
**Community Lawyers Group. Ltd.**
73 W. Monroe Street, Suite 502
Chicago, IL 60603
Ph: (312)757-1880
Fx: (312)265-3227
cchatman@communitylawyersgroup.com
mwood@communitylawyersgroup.com